NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1595
_____


ELODIA ERCILIA JIMENEZ DIAZ,
                                                    Petitioner
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(BIA-1: A208-199-485)
Immigration Judge: David Cheng
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 13, 2026

Before: CHAGARES, *Chief Judge*, SCIRICA[*], and McKEE, *Circuit Judges*.

(Opinion filed: July 22, 2026)


_____

OPINION[**]

_____


---

[*] The Honorable Anthony J. Scirica was unavailable to participate in the decision in this case after submission to the merits panel. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and 3d Cir. I.O.P. 12.1(b).

[**] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Elodia Ercilia Jimenez Diaz, a citizen of Guatemala, seeks review of the Board of Immigration Appeals' denial of her application for asylum,[1] withholding of removal under the Immigration and Nationality Act,[2] and relief under the Convention Against Torture.[3] The Immigration Judge denied asylum because Jimenez Diaz's application was untimely, and she did not establish grounds for an exception to the filing deadline. Despite finding her application time-barred, the IJ assessed Jimenez Diaz's application and found that her underlying claims lacked merit. The BIA affirmed the IJ's conclusions. For the following reasons, we will deny her petition.[4]

I.

**A. Denial of Asylum**

The BIA affirmed the IJ's conclusion denying Jimenez Diaz's application for asylum, adding that Jimenez Diaz failed to provide evidence supporting her argument that she qualified for an exception. Despite this determination, the IJ proceeded to consider the merits of Jimenez Diaz's asylum application and determined she would still be ineligible. Since the BIA affirmed the IJ's denial based upon the merits of Jimenez Diaz's asylum claim, we need not address her argument that the IJ erred in finding it

---

[1] 8 U.S.C. § 1158(a)(1).
[2] *Id.* § 1231(b)(3).
[3] 8 C.F.R. § 1208.16(c).
[4] We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252. Noncitizens petition for review "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." *Id.* § 1252(b)(2).

time-barred. We will affirm the BIA's determination, as we agree that Jimenez Diaz's underlying claims lack merit.

## B. Withholding of Removal

To be eligible for withholding of removal, an applicant must show a clear probability that she would "more likely than not" face persecution because of her race, religion, nationality, membership in a particular social group, or political opinion.[5] Because this standard is more rigorous than the "well-founded fear" standard for asylum eligibility, an applicant who cannot satisfy the asylum standard "will necessarily be unable to meet the standard for withholding of removal."[6]

For a particular social group to be cognizable, it must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."[7] Sufficient particularity requires the group to have "discrete and definable boundaries" that are not "amorphous, overbroad, diffuse, or subjective."[8] Not every immutable characteristic will be particularly sufficient. For example, we have considered particular social groups defined by "[p]overty, homelessness, and youth" as "too vague and all encompassing."[9]

---

[5] *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987); *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 348 (3d Cir. 2008).
[6] *Id.* at 340, 348–49.
[7] *Chavez-Chilel v. Att'y Gen.*, 20 F.4th 138, 146 (3d Cir. 2021) (quoting *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 540 (3d Cir. 2018)).
[8] *S.E.R.L.*, 894 F.3d at 552 (citation modified).
[9] *Escobar v. Gonzales*, 417 F.3d 363, 368 (3d Cir. 2005).

Jimenez Diaz argues that she is entitled to withholding of removal because she belongs to the particular social group of "young women in Guatemala."[10]  There is simply no evidence in this record that Guatemalan society perceives young women in Guatemala as a socially distinct group.  In *Chavez-Chilel v. Attorney General United States*, we held that "Guatemalan women" are not a cognizable particular social group because there was no "record evidence that all Guatemalan women share a unifying characteristic that results in them being targeted for any form of persecution based solely on their gender."[11]  The addition of "young" does little to narrow the all-encompassing nature of this proposed social group.[12]  Accordingly, the BIA and IJ were correct to deny Jimenez Diaz's application for withholding of removal.

### C. Denial of CAT Protection

To be eligible for protection under CAT, a claimant must establish that they would be "more likely than not" to be tortured if they were removed to their home country.[13]  This inquiry relies on a two-prong analysis, requiring the IJ to consider "(1) what is likely to happen to the petitioner if removed; and (2) does what is likely to happen amount to the legal definition of torture?"[14]  When considering the second question, an IJ must determine (1) "how public officials will likely act in response to the harm the petitioner fears," and (2) "whether the likely response from public officials qualifies as

---

[10] Pet'r's Opening Br. at 14.
[11] *Chavez-Chilel*, 20 F.4th at 146.
[12] *See Escobar*, 417 F.3d at 368.
[13] *Kamara v. Att'y Gen.*, 420 F.3d 202, 212–13 (3d Cir. 2005).
[14] *Myrie v. Att'y Gen.*, 855 F.3d 509, 516 (3d Cir. 2017) (quoting *Kaplun v. Att'y Gen.*, 602 F.3d 260, 271 (3d Cir. 2010)).

acquiescence under the governing regulations."[15]  To assess acquiescence, the IJ must determine whether the official had actual knowledge or was willfully blind to the torturous acts.[16]  Where the IJ or BIA finds that a claimant has failed to establish a step of this framework, they need not continue their full analysis.[17]

The IJ concluded that Jimenez Diaz was not subject to protection under CAT because she failed to demonstrate that there was a greater than fifty percent chance that she would be subjected to torture if she returned to Guatemala.  Similarly, Jimenez Diaz did not establish that the harm she suffered was inflicted by or with the acquiescence of any governmental or public official.  The BIA noted the IJ's finding that the Guatemalan government made efforts, "albeit imperfect," to control crimes of the nature Jimenez Diaz was subjected to, including a "mechanism to investigate and punish criminals."[18]  Accordingly, the IJ correctly concluded that Jimenez Diaz failed to show that the government would acquiesce to harm she may suffer.

## II.

For the foregoing reasons, we will deny Jimenez Diaz's petition for review.

---

[15] *Id.* at 516.
[16] *See* 8 C.F.R. § 1208.18(a)(7); *Myrie*, 855 F.3d at 517.
[17] *See Green v. Att'y Gen.*, 694 F.3d 503, 508 (3d Cir. 2012) ("Because the IJ and the BIA determined that [claimant] had failed to satisfy the second prong of the *Kaplun* test, there was no need to make a factual finding as to the first prong.").
[18] AR3, 71.